13-2061-cv
*Baker & Taylor Inc., Baker & Taylor Fulfillment Inc. v. Allan R. Avery, Laura M. Avery*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand fourteen.

Present:
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
>
> *Circuit Judges.*

---

BAKER & TAYLOR INC., BAKER & TAYLOR FULFILLMENT INC.,

> *Plaintiffs-Appellants*,

v.                                                          13-2061-cv

ALLAN R. AVERY, LAURA M. AVERY,

> *Defendants-Appellees.**

---

For Plaintiffs-Appellants:                    Joseph Michael Pastore, III, Pastore & Dailey LLC, Stamford, CT.

---

* We direct the Clerk of the Court to amend the official caption as noted.

For Defendants-Appellees:                    Brian Eugene Moran and Brian James
                                             Wheelin, Robinson & Cole LLP, Stamford,
                                             CT.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Baker & Taylor Inc. and Baker & Taylor Fulfillment Inc. (together, "Baker & Taylor") appeal from a decision and order of the United States District Court for the District of Connecticut (Shea, *J.*) granting judgment in favor of Allan and Laura Avery (the "Avery defendants") on Baker & Taylor's claims of breach of guaranty. We review an order granting summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all permissible factual inferences in favor of the party against whom summary judgment is sought." *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009) (alterations in original) (internal quotation marks omitted).

This dispute has been well-chronicled in previous opinions. *See, e.g.*, *Baker & Taylor, Inc. v. AlphaCraze.Com Corp.*, 602 F.3d 486 (2d Cir. 2010). In brief, AlphaCraze.com ("AlphaCraze"), a now-defunct online retailer, contracted with Baker & Taylor Inc. to fulfill its customers' online orders. Two agreements executed in 1999 governed that relationship, including one entitled the "Drop Ship Agreement." The Avery defendants, early investors in AlphaCraze, signed a guaranty in 2001 ensuring AlphaCraze's debt to Baker & Taylor Inc. and its "successors and assigns." In 2002, Baker & Taylor Inc. created Baker & Taylor Fulfillment Inc. as a wholly owned subsidiary for the purpose of affording "lawful sales tax advantages to customers such as AlphaCraze." That year, Baker & Taylor Inc. assigned its rights and obligations in the Drop Ship Agreement to Baker & Taylor Fulfillment Inc. Baker & Taylor Fulfillment Inc. began to fulfill AlphaCraze's orders and, in 2004, the two companies signed a "Fulfillment Agreement" governing their relationship. The

Fulfillment Agreement referenced two guarantees, a corporate guaranty signed by AlphaCraze and a personal guaranty signed by AlphaCraze's president and CEO. From 2006 to 2007, AlphaCraze amassed millions of dollars in debt owed to Baker & Taylor Fulfillment Inc. under the Fulfillment Agreement. Baker & Taylor now seeks to collect that debt from the Avery defendants pursuant to their 2001 guaranty, despite the fact that the guaranty was executed in favor of Baker & Taylor Inc. and – as Baker & Taylor acknowledged in its complaint and at a default judgment hearing – the debt was incurred under the Fulfillment Agreement signed by Baker & Taylor Fulfillment Inc.

Baker & Taylor asserts three reasons why it may nonetheless collect AlphaCraze's debt from the Avery defendants: (1) Baker & Taylor Fulfillment Inc. is an assignee of Baker & Taylor Inc.'s rights in the 2001 guaranty; (2) Baker & Taylor Fulfillment Inc. is a successor to Baker & Taylor Inc.'s rights in the 2001 guaranty; and (3) Baker & Taylor Inc. is independently owed AlphaCraze's debt. For substantially the reasons set forth in the district court's thoughtful ruling in favor of the Avery defendants, the first two arguments fail. *See Baker & Taylor Inc et al v. AlphaCraze.com Corp et al.*, 3:07-cv-01851-MPS, Doc. No. 225 (D. Conn. Apr. 11, 2013). Further, as stated by the district court during argument on the parties' motions, Baker & Taylor neither briefed nor supported its argument that Baker & Taylor Inc. is independently owed AlphaCraze's debt. Accordingly, the district court "focus[ed] on whether [Baker & Taylor] Fulfillment[ Inc. was], in fact, a successor or an assign[]" of Baker & Taylor Inc. *Id.* at 8:8-11. Baker & Taylor "agreed" with this approach. *Id.* at 8:12. Thus, Baker & Taylor has waived any argument that Baker & Taylor Inc. is independently owed AlphaCraze's debt, either as Baker & Taylor Fulfillment Inc.'s corporate parent or as a third-party beneficiary of the Fulfillment Agreement.

3

We have considered all of Baker & Taylor's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk